**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE     )
                                 )

       v.                   )     I.D. # 0703031898
                                 )

JOHN E. FOSTER,         )
                                 )

          Defendant.    )

Submitted: June 14, 2018
Decided: September 26, 2018

## ORDER DENYING DEFENDANT'S REQUEST FOR A CERTIFICATE OF ELIGIBILITY TO FILE UNDER 11 Del. C. § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1(d)

This 26th day of September, 2018, upon consideration of the Request for a Certificate of Eligibility filed on behalf of John E. Foster (the "Request"), the Attorney General's response thereto, and the record in this matter, it appears to the Court that:

1.     On September 19, 2008, following a two-day trial, a Superior Court jury convicted Foster of Burglary Second Degree and Robbery Second Degree. Before sentencing, the Court granted the State's petition to declare Foster a habitual offender with respect to both charges.[1] Under the then-extant Habitual Criminal Act, Foster faced a minimum sentence of eight years for the Burglary Second Degree conviction and five years for the Robbery Second Degree

---

[1] D.I. 42. 11 *Del. C.* § 4214(a) (Supp. 1996) (providing that a person previously convicted of at least three separate, successive felonies, who thereafter is convicted of a fourth felony, could be declared a habitual criminal).

conviction. For each of those charges, Foster could be sentenced to a term of natural life imprisonment.[2] Under a corrected sentencing order dated May 6, 2009, the Court sentenced Foster as follows: (1) as to Burglary Second Degree, effective August 28, 2007, 10 years at Level V with credit for 138 days served; and (2) as to Robbery Second Degree, seven years at Level V.[3] In other words, under the then-extant Habitual Criminal Act, Foster was required to receive a minimum sentence of 13 years for the Burglary Second and Robbery Second charges; at sentencing, he received a sentence of 17 years for those charges.

2.    Foster requests a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f).[4] Section 4214(f) permits a defendant sentenced as a habitual criminal before July 19, 2016 "to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section" to petition the Superior Court for sentence modification after the defendant has "served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense . . . ."[5]

---

[2] 11 *Del. C.* § 4214(a) (Supp. 1996).
[3] *State v. John E. Foster*, ID No. 0703031898 & 0708026681 (Del. Super. May 6, 2009) (CORRECTED SENTENCING ORDER). The Court simultaneously sentenced Foster for a Burglary Third Degree conviction, imposing 18 months at Level V, suspended for 18 months at Level III.
[4] D.I. 245; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).
[5] 11 *Del. C.* § 4214(f).

3.    The State responded,[6] opposing Foster's Request on the basis that he is not eligible for review under Section 4214(f).[7] The State argues Foster does not meet the first prong of Section 4214(f) because his original sentence exceeded the minimum mandatory sentence that applied at the time of sentencing. The State argues:

> [Foster's] sentence on each conviction exceeded the minimum mandatory period of incarceration. The application of prior 11 *Del. C.* §4214(a) did not eliminate any discretion afforded to the Court and therefore [Foster] is not subject to a sentence review pursuant to 11 *Del. C.* § 4214(f). The legislative intent of Senate Bill 163, as evidenced by House Bill 18, was not to allow for a sentence review of *discretionary* sentences imposed pursuant to 11 *Del. C.* § 4214(a).[8]

Foster did not respond to or contest the State's interpretation of his sentence or Section 4214(f).

4.    The State's response refers to the legislative intent of Senate Bill 163 and House Bill 18,[9] which collectively amended 11 *Del. C.* § 4214, the habitual criminal statute. In 2016, the General Assembly enacted Senate Bill 163, which entirely rewrote the version of the habitual criminal statute under which Foster was sentenced.[10] Senate Bill 163 changed some of the circumstances under which a person could be declared a habitual offender and some of the mandatory sentences

---

[6] *See* Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).
[7] D.I. 246.
[8] *Id.* at 3.
[9] 81 Del. Laws ch. 6, §§ 1-3 (2017).
[10] 80 Del. Laws ch. 321, § 1 (2016).

associated with a habitual offender designation. As indicated above, Section 4214(f) gave some offenders sentenced under the old version of the law an opportunity to petition the Court to reconsider their sentences. In April 2017, before Foster filed his Request, the General Assembly further amended Section 4214(f) by adopting House Bill 18. House Bill 18 clarified that the right to petition the Court for reconsideration was limited to a person sentenced under the old version of the law to "a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title . . . ." The synopsis to House Bill 18 explained that the amendment to Section 4214(f) was intended to clarify "the legislature's intent to focus upon the minimum mandatory sentences imposed by the habitual offender statute, as opposed to those sentences where sentencing judges have complete discretion with respect to sentencing."[11]

5.      The State's argument that Foster is not eligible for sentence review is consistent with recent Delaware Supreme Court decisions. On April 24, 2018, the Delaware Supreme Court issued its decision in *Clark v. State*, addressing a defendant's eligibility for sentence review under Section 4214(f).[12] In *Clark*, the sentencing judge exercised his discretion and exceeded the minimum sentence under Section 4214(a) of the old version of the habitual criminal statute.[13] The

---

[11] 81 Del. Laws, ch. 6, §§ 1-3 (2016).
[12] 2018 WL 1956298 (Del. Apr. 24, 2018).
[13] *Id.* at *3.

minimum sentence the judge could have imposed for the felony for which Clark was declared habitual was five years; the sentencing judge, however, imposed a fifteen-year period of incarceration.[14] The Delaware Supreme Court held "[b]ecause the sentencing judge exercised his discretion under § 4214(a) to sentence Clark to fifteen years of Level V incarceration instead of five years of Level V incarceration, Clark did not receive a 'minimum sentence of not less than the statutory maximum penalty for a violent felony.'"[15] The Supreme Court therefore held Clark was not eligible for relief under Section 4214(f).[16] Shortly thereafter, in *Durham v. State*, the Supreme Court reiterated that ruling, holding that Durham, who was facing a minimum sentence of 20 years under Section 4214(a), but received a sentence of life imprisonment, was not eligible for sentence review under Section 4214(f).[17]

6. *Clark* and *Durham* control resolution of Foster's Request. At the time she sentenced Foster, the sentencing judge could not impose a sentence of less than eight years for the Burglary Second charge and five years for the Robbery Second charge. The sentencing judge exceeded the minimum sentence for both charges, exercised her discretion, and imposed a sentence of ten years for Burglary Second and seven years for Robbery Second. As in *Clark* and *Durham*, because the

---

[14] *Id.* at *3.
[15] *Id.*
[16] *Id.*
[17] 2018 WL 2069057, at *1 (Del. May 2, 2018).

sentencing judge exercised discretion under the then-extant version of Section 4214(a) to exceed the minimum sentence, Foster did not receive "a minimum sentence of not less than the statutory maximum penalty for the violent felony." Accordingly, Foster is not eligible for sentence review under Section 4214(f).

**FOR THE FOREGOING REASONS, IT IS ORDERED** that John E. Foster's Request for Certification of Eligibility is **DENIED**.

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Anthony A. Figliola, Jr., Esquire
      Joseph S. Grubb, Deputy Attorney General

6